UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dana Confere III | ) | CASE NO: 1:24CV1169 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden Misty Mackey | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Dana Confere III, presently incarcerated at Lake Erie Correctional Institution, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2022 conviction in the Summit County Court of Common Pleas. (*See* Doc. No. 1).

Petitioner challenged his sentence on direct appeal, and the Ohio Court of Appeals affirmed the trial court. *See State v. Confere*, No. 30560, 2023 Ohio App. LEXIS 3176, 2023 WL 5949443 (Ohio App. 9th Dist. Sept. 13, 2023). On March 22, 2024, Petitioner filed a motion for modification of his sentence in the Summit County Court of Common Pleas, which the trial court denied. (*See* Doc. No. 1 at 3). According to the petition, Petitioner did not appeal this decision to the highest state court. (*Id.* at 5).

Promptly after the filing of a petition for a writ of habeas corpus, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under

Section 2254. If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary where a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

A federal district court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). But before a federal court will review the merits of a petition for a writ of habeas corpus, a person must exhaust his state remedies. *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c)); *see also Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)).

Exhaustion is fulfilled once a state supreme court provides a convicted person a full and fair opportunity to review his claims on the merits. *Id.* (citing, among other authorities, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302-03, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984)). Exhaustion requires "fair presentation" of the federal claim "to the state courts, including the state court of appeals and the state supreme court." *Bray v. Andrews*, 640 F.3d 731, 734-35 (6th Cir.2011); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To fairly present a federal claim, a petitioner must present the state courts with "both the legal and factual basis" for the claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Williams v.*

*Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015). The petitioner bears the burden of establishing that he has properly and fully exhausted his available state court remedies with respect to his habeas claims for relief. *See Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

Here, Petitioner indicates on the face of the petition that he pursued an appeal in the Ohio Court of Appeals. However, Petitioner states that he did not seek review of either his direct appeal or the trial court's denial of his postconviction motion for sentence modification in the Ohio Supreme Court, the highest court in Ohio. (*See* Doc. No. 1 at 2, 5). Petitioner has therefore not demonstrated that he has properly and fully exhausted his available state court remedies. And because Petitioner has not given the state courts a fair opportunity to consider the merits of the claims he has presented in this petition, the Court must dismiss the petition.

Accordingly, the Court DISMISSES the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 pursuant to Rule 4 of the Rules Governing Section 2254 Cases. This dismissal is without prejudice to Petitioner's re-filing a petition in a new case demonstrating he has fully exhausted his state court remedies. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

August 27, 2024                         */s/ John R. Adams*
                                                                   JUDGE JOHN R. ADAMS
                                                                   UNITED STATES DISTRICT COURT